**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:  0:16-CV-62328-DPG**

**BLUNT WRAP U.S.A., INC.,**

        Plaintiff,

v.

**GRABBA-LEAF, LLC,**

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
IN THE ALTNERATIVE FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUES OF PATENT VALIDITY AND INFRINGEMENT**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff Blunt Wrap U.S.A., Inc. ("Blunt Wrap"), who respectfully moves this Honorable Court for summary judgment and, in the alternative, partial summary judgment that the accused product of defendant Grabba Leaf, LLC ("Grabba") infringes one or more of the asserted claims of United States Patent Nos. 7,751,730 (the '730 Patent),[1] 7,717,119 (the '119 Patent),[2] 7,987,858 (the '858 Patent),[3] 8,066,012 (the '012 Patent),[4] 8,578,944 (the '944 Patent),[5] 8,783,266 (the '266 Patent),[6] and 9,161,568 (the '568 Patent)[7] (collectively the "Patents-in-Suit") and dismissing Grabba's affirmative defense that one or more claims of the Patents-in-Suit are invalid, because Grabba cannot, as a matter of law, show by clear and convincing evidence that the claims are anticipated or that differences between the claimed invention and the prior art are such that the subject

---

[1] Attached to *Plaintiff's First Amended Complaint* as Exhibit "A." DE 14-1.
[2] Attached to *Plaintiff's First Amended Complaint* as Exhibit "B." DE 14-2.
[3] Attached to *Plaintiff's First Amended Complaint* as Exhibit "C." DE 14-3.
[4] Attached to *Plaintiff's First Amended Complaint* as Exhibit "D." DE 14-4.
[5] Attached to *Plaintiff's First Amended Complaint* as Exhibit "E." DE 14-5.
[6] Attached to *Plaintiff's First Amended Complaint* as Exhibit "F." DE 14-6.
[7] Attached to *Plaintiff's First Amended Complaint* as Exhibit "G." DE 14-7.

matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

## I.     FACTUAL BACKGROUND

### A.     The Patents-in-Suit

Blunt Wrap manufactures and sells a pre-rolled, roll-your-own cigar product known as a "cigar wrap," which is an unfilled cigar tube or wrap, comprised of a sheet of smokable tobacco rolled over a straw or form casing and packaged in a pouch that is an outer wrapper. The rolling of the sheet of smokable tobacco over the straw causes the rolled tobacco sheet to have a rolling memory. This rolled tobacco sheet has edges that can be moved apart, permitting the end consumer to add their own tobacco filler to the tobacco sheet and then roll their own custom cigar or cigarillo product.

Grabba, a Florida limited liability company, imports, offers to sell, and sells another pre-rolled tobacco product under the names "Grabba Leaf Natural Tobacco Wrap" and "Grabba Leaf Red Gold Green Tobacco Wrap," which is a pre-rolled sheet of natural tobacco leaf rolled around a plastic straw or coffee stirrer forming a cigar tube or shell, which is bent and then packaged in a pouch.  Grabba Leaf's pre-rolled natural leaf cigar tube or shell has edges that can be moved apart, permitting the end user to add their own tobacco filler to the natural leaf sheet and then roll their own custom cigar or cigarillo.

The present action involves a claim by Blunt Wrap that Grabba is infringing the following claims (the "Asserted Claims") in the Asserted Patents or Patents-in-Suit:

| Asserted Patent | Asserted Claims |
|---|---|
| U.S. Patent No. 7,751,730 | Independent claims 17, 28, and 30 and dependent claims 18, 21, 29, 31, 33, 43, 44, 45, 46, 47 |
| U.S. Patent No. 7,717,119 | Independent claims 1, 3 and 4 and dependent claims 5 and 6 |
| U.S. Patent No. 7,987,858 | Independent claims 1 and 11, and dependent claims 4-6, 12, 14 and 15 |
| U.S. Patent No. 8,066,012 | Independent claim 9, and dependent claims 10, 11, 14, and 15 |
| U.S. Patent No. 8,578,944 | Independent claims 1 and 11, and dependent claims 4, 12, and 14 |
| U.S. Patent No. 8,783,266 | Independent claim 9, and dependent claims 10, 11, 14, and 15 |
| U.S. Patent No. 9,161,568 | Independent claims 1 and 9, and dependent claims 2-4, 7, 10, 11, 14 and 15 |

**B.     The Level of Ordinary Skill in the Art**

A person of ordinary skill in the art to which the Patents-in-Suit are directed would have at least two (2) years of experience in hand rolling cigars with a high school education. *See Declaration of Kimberly Cameron, Ph.D., P.E.*, Exhibit A at p. 12, attached hereto as Exhibit "1."

**C.     Grabba Has Produced No Evidence That The Asserted Claims Are Invalid.**

Despite asserting the affirmative defense that "[s]ome or all of the patents cited by Plaintiff are invalid" (DE 19), Grabba has produced no evidence of invalidity, either in fact discovery or expert discovery. Grabba has attempted to submit expert testimony of validity in the guise of infringement (i.e., Grabba asserting that it is merely practicing the prior art), which testimony Plaintiff has moved to exclude in a separate motion.

**II.     Statement of Undisputed Material Facts**

Blunt Wrap submits the following statement of material facts for which there is no genuine issue to be tried:

   i)   Blunt Wrap is the owner by assignment of each of the Asserted Patents; DE 14-1 p.2, 14-2 p.2, 14-3 p.2, 14-4 p.2, 14-5 p.2, 14-6 p.2, and 14-7 p.2.

3

ii) Grabba Leaf advertises, promotes, offers for sale and sells a product called the "Grabba Leaf Natural Tobacco Wrap" and "Grabba Leaf Red Gold Green Tobacco Wrap" products; Deposition of Marlon Robinson, 17:11 – 18:17, attached hereto as Exhibit "2."

iii) Blunt Wrap has asserted the following claims of the Asserted Patents are infringed by the aforementioned Grabba Leaf Products:

| Asserted Patent | Asserted Claims |
|---|---|
| U.S. Patent No. 7,751,730 | Independent claims 17, 28, and 30 and dependent claims 18, 21, 29, 31, 33, 43, 44, 45, 46, 47 |
| U.S. Patent No. 7,717,119 | Independent claims 1, 3 and 4 and dependent claims 5 and 6 |
| U.S. Patent No. 7,987,858 | Independent claims 1 and 11, and dependent claims 4-6, 12, 14 and 15 |
| U.S. Patent No. 8,066,012 | Independent claim 9, and dependent claims 10, 11, 14, and 15 |
| U.S. Patent No. 8,578,944 | Independent claims 1 and 11, and dependent claims 4, 12, and 14 |
| U.S. Patent No. 8,783,266 | Independent claim 9, and dependent claims 10, 11, 14, and 15 |
| U.S. Patent No. 9,161,568 | Independent claims 1 and 9, and dependent claims 2-4, 7, 10, 11, 14 and 15 |

*See* DE 14.

iv) Figures 1 through 5 of Kimberly Cameron's report, dated May 31, 2017, show representative samples of the Accused Product. *Declaration of Kimberly Cameron*, Ex. 1 at pp. 10 – 11.

v) Grabba Leaf's Accused Product is intended to be used to roll a cigar by purchasing loose tobacco or the inside part of a cigar, placing the loose tobacco inside the Accused Product, and rolling the cigar wrap to make a cigar. Deposition of Michael Robinson, 83:6 – 25, Ex. 8 at 27, attached hereto as Exhibit "3."

vi) Between the time period between October 15, 2010 to March 29, 2017, Grabba Leaf sold in the United States at least 52,680,300 units of Grabba Leaf Natural and/or Grabba Leaf Red Gold Green tobacco wrap products. Declaration of Peter Gampel, Ex. A at p. 26, attached hereto as Exhibit "4."

## **LAW &ARGUMENT**

### **III.     Legal Standard for Entry of Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to entry of summary judgment:

> If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

*See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). "The moving party . . . may discharge its burden by showing the district court that there is an absence of evidence to support the nonmoving party's case." *Conroy v. Rebook Int'l, Ltd.*, 14 F.3d 1570, 1575 (Fed. Cir. 1994).

Although there was a time when summary judgments were not favored in patent suits, the Federal Circuit Court of Appeals has made it clear that summary judgment is as appropriate in patent cases as in any other case where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994). This includes motions for summary judgment of infringement. *Transmattic Inc. v. Gulton Industries Inc.*, 53 F.3d 1270, 1278 (Fed. Cir. 1995).

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). Moreover, that a material fact may be in dispute does not prevent the granting of a motion for summary judgment.

> Even where material facts are in dispute, however, summary adjudications may be appropriate if, with all factual inferences drawn in favor of the nonmovant, the movant would nonetheless be entitled to judgment as a matter of law.

*American Permahedge, Inc. v. Barcana, Inc.*, 105 F.3d 1441, 1442 (Fed. Cir. 1997).

### IV.     Patent Infringement

#### A.     Legal Standard for Patent Infringement

When ruling upon a motion for summary judgment of infringement, the analysis involves two (2) steps:

> "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Carroll Touch, Inc. v. Electro Mechanical Sys.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). Claim construction is a question of law, which we review de novo. *Markman v. Westview Instruments, Inc.*, [52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384 (1996)]; *Carroll*, 15 F.3d at 1577. In constructing a claim, claim terms are given their ordinary and accustomed meaning unless examination of the specification, prosecution history, and other claims indicates that the inventor intended otherwise. *See Carroll*, 15 F.3d at 1577.

*Transmatic*, 53 F.3d at 1277. Although the second step is a question of fact, where the structure of the accused device is undisputed, a disagreement over the meaning of the claims will not preclude a grant of summary judgment. *Id.* at 1278; *Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999) ("Because the relevant aspects of the accused device's structure and operation are undisputed in this case, the question of whether [the accused infringer's] product infringes the claims of the [patent in suit] turns on the interpretation of those claims.").

Direct infringement is the unauthorized making, using, offering to sell, selling, or importing into the United States of a patented invention. 35 U.S.C. § 271(a). A patent is infringed so long as any one of its claims is infringed. *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1220 (Fed. Cir. 1995). "Literal infringement requires that the accused device include every limitation of the patent claim." *Transmatic*, 53 F.3d at 1277; *see also Mannesmann Demag Corp. v. Engineered Metal Prod. Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986). Thus, where an

6

accused device or process embodies each element of a claim, that claim is infringed. *See Johnson Worldwide*, 175 F.3d at 988 (Fed. Cir. 1999).

### B. Construction of the Asserted Claims

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Inova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2005). Because of the importance of properly determining this right of the patentee, claim construction is a question of law "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). The court determines claim construction to ensure "uniformity," because "the limits of a patent must be known for the protection of the patentee, the encouragement of the inventive genius of others and the assurance that the subject of the patent will be dedicated ultimately to the public." *Id.* at 390 (quoting *Union Carbide Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942)).

The Federal Circuit has established guidelines for district courts to follow when engaging in the claim construction process:

> It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, *i.e.,* the patent itself, including the claims, the specification and, if in evidence, the prosecution history.… Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language.

*Vitrionics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir. 1996), citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995).

Claim construction begins with the "words of the claims themselves, both asserted and nonasserted, to define the scope of the patented invention." *Vitronics Corp.*, 90 F.3d at 1582 (citing to *Bell Communications Research, Inc. v. Vitalink Communications Corp.,* 55 F.3d 615, 620 (Fed. Cir. 1995)). The words of a claim are "generally given their ordinary and customary

meaning." *Vitronics Corp.*, 90 F.3d at 1582. "Moreover, . . . the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.,* as of the effective filing date of the patent application." *Phillips*, 415 F.3d at 1313.

In addition, when the court is reviewing the words of the claims, the "'claims must be read in view of the specification of which they are a part." *Vitronics Corp.*, 90 F.3d at 1582 (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)). Pursuant to the requirements of 35 U.S.C. §112, the specification is supposed to describe the claimed invention in "full, clear, concise and exact terms." 35 U.S.C. §112, ¶1. Because of this statutory directive, "the specification necessarily informs the proper construction of the claims." *Phillips*, 415 F.3d at 1316 (*citing Merck & Co. v. Teva Phams. USA, Inc.*, 347 F.3d 1367, 1371 (Fed. Cir. 2003) explaining that "terms in a patent document are construed with the meaning with which they are presented in the patent document"). Thus, "the specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication." *Id. citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995). Accordingly, the specification "is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 *quoting Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Accordingly, the specification is an indispensable part of the claim construction analysis.

The court "may also consider the prosecution history of the patent, if in evidence." *Vitronics Corp.,* 90 F.3d at 1582 *citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995). However, the prosecution history cannot be used to "enlarge, diminish, or vary the limitations in the claims." *Markman*, 52 F.3d at 980.

In addition to considering the intrinsic evidence of the patent for purposes of claim construction, a court may also consider "extrinsic evidence," which consists of evidence "external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treaties." *Phillips*, 415 F.3d at 1317 (quoting *Markman*, 52 F.3d at 980, citing *Seymour v. Osborne*, 78 U.S. 516 (1870)). In particular, dictionaries and treatises have been found to be useful in claim construction, because such resources "endeavor to collect the accepted meanings of terms used in various fields of science and technology." *Id.* at 1318. "Extrinsic evidence is to be used for the court's understanding of the patent, not for the purpose of varying or contradicting the terms of the claims." *Markman*, 52 F.3d at 981 (citing *U.S. Indus. Chems., Inc. v. Carbide & Carbon Chems. Corp.*, 315 U.S. 668, 678). Accordingly, it is permissible within the court's discretion to consider extrinsic evidence, as long as such extrinsic evidence is considered "in the context of the intrinsic evidence." *Phillips*, 415 F.3d at 1318.

The attached Declaration of Kimberly Cameron, Ph.D., P.E. shows how each element of the Asserted Claims of the Asserted Patents, as understood by a person of ordinary skill in the art, are literally found in Grabba's accused product, with reference to the attached claim charts. *Declaration of Kimberly Cameron*, *Ph.D., P.E.*, Ex. A at pp. 33-70, attached hereto as Exhibit "2."

Therefore, summary judgment holding that Grabba's accused product infringes one or more of the Asserted Claims asserted in the Asserted Patents is warranted.

**V.     Validity**

Grabba has raised the affirmative defense that some or all of the Patents-in-Suit are invalid as being obvious over the prior art. Blunt Wrap has moved for partial summary judgment

striking Grabba's affirmative defense of invalidity and holding that the Patents-in-Suit are not invalid.

### A. Burden of Proof

Pursuant to 35 U.S.C. §282, each claim of the Asserted Patents is presumed valid. As the Court of Appeals for the Federal Circuit explained shortly after it was created:

> the party asserting invalidity not only has the procedural burden of proceeding first and establishing a prima-facie case, but the burden of persuasion on the merits remains with that party until final decision.…

Issued patents have a strong presumption of validity in infringement proceedings. *See* 35 U.S.C. §282 (2006). Hence, an accused infringer who defends on grounds of patent invalidity bears the burden of showing patent invalidity by clear and convincing evidence. *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999). It should be emphasized that Blunt Wrap's patents are presumed valid under 35 U.S.C. §282 and, in order to overcome this presumption, Grabba must come forward with ''clear and convincing evidence of invalidity.'' *See Impax Labs, Inc. v. Aventis Pharms. Inc.,* 468 F.3d 1366, 1378 (Fed. Cir. 2006). It is up to the trial court to ''determine whether the challenger has met its burden by clear and convincing evidence by considering the totality of the evidence, including any rebuttal evidence presented by the patentee.'' *Pfizer, Inc.,* 480 F.3d at 1360 (citing *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983)).

''The 'clear and convincing' standard is an intermediate standard which lies somewhere in between the 'beyond a reasonable doubt' and the 'preponderance of the evidence' standards of proof.'' *Pfizer, Inc.,* 480 F.3d at 1360 (citing *Addington v. Texas*, 441 U.S. 418 (1979)). ''Although an exact definition is elusive, 'clear and convincing evidence' has been described as evidence that 'place[s] in the ultimate fact-finder an abiding conviction that the truth of its factual contentions are highly probable.''' *Pfizer, Inc.,* 480 F.3d at 1360 (citing *Colorado v. New*

*Mexico*, 467 U.S. 310 (1984)). Defendant's Brief in Support of its Motion for Summary Judgment ("Defendant's Brief"), which relies on no evidence but simply attorney argument, falls far short of this standard. "Attorney argument is no substitute for evidence." *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 424 F.3d 1276, 1284 (Fed. Cir. 2005). Further, attorney argument, even with a suggestion of what it "might present at trial," "is insufficient to meet [the movant's] burden" on a motion for summary judgment. *Id.; see also, Malta v. Schul Merich Carillons, Inc.,* 952 F.2d 1320, 1343 (Fed. Cir. 1991) (citing Wigmore on Evidence §1(b), at p.7 (Tillers rev. 1983) for the "truism that attorney argument is not evidence").

Grabba has not produced evidence that the asserted claims are invalid, and both fact discovery and expert discovery deadlines have passed. Accordingly, Grabba cannot show by clear and convincing evidence that there is a suggestion or motivation to combine the prior art such that it would have been obvious to a person of ordinary skill in the art at the time of the invention to make the patented combination. *Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000). Therefore, summary judgment dismissing Grabba's affirmative defense that some or all of the Patents-in-Suit are invalid is warranted.

Applying the correct legal standards, Grabba has not, and cannot, demonstrate by clear and convincing evidence that any of the asserted claims of the Asserted Patents are anticipated or would have been obvious to a person of ordinary skill of the art at the time of the invention of the Asserted Patents.

### B. Legal Standard Under 35 U.S.C. §102 (Anticipation)

Pursuant to 35 U.S.C. §102, to anticipate any of the asserted claims, Grabba must show by clear and convincing evidence that "the same device or method, having all of the elements

and limitations contained in the claims, is described in a single prior art reference.'' *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 545 (Fed. Cir. 1998).

Grabba has not identified any single prior art reference that discloses all of the features of any of the asserted claims of the Asserted Patents.

Accordingly, Grabba cannot, as a matter of law, prevail on its affirmative defense that the claims of the Asserted Patents are invalid under 35 U.S.C. §102, and Blunt Wrap is entitled to entry of summary judgment striking that portion of Grabba's affirmative defense and holding that the asserted claims of the Asserted Patents are not invalid as being anticipated.

### C. Legal Standard Under 35 U.S.C. §103

The determination of whether a patent claim is obvious over prior art is a legal conclusion based upon whether it would have been obvious to a person of ordinary skill in the art of the claimed invention at the time the invention was made.

"When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents.'' *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350 (Fed. Cir. 1984).

To establish that the claims of the Asserted Patents are obvious, Grabba has the heavy burden of showing by clear and convincing evidence that the differences between the claimed invention and the prior art ''are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.'' 35 U.S.C. §103(a); *see also Ruiz,* 234 F.3d at 662. This determination is made based upon a consideration

of the four factual inquiries (*i.e.*, the scope and content of the prior art, the level of ordinary skill, the differences between the claimed invention and the prior art, and any secondary considerations of non-obviousness). Defendant cannot satisfy this burden.

Grabba has put forth no expert testimony and no evidence regarding the four factual inquiries, nor has Grabba presented any evidence that "the subject matter *as a whole* would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. 103(a) (emphasis added).

Accordingly, Grabba has failed to carry its burden of showing by clear and convincing evidence that the claimed subject matter of the Asserted Patents is anticipated by the prior art, or that the claimed subject matter as a whole would have been obvious to a person of ordinary skill of the art at the time of the invention of the Asserted Patents. Accordingly, there is no genuine issue of material fact relating to validity, and Blunt Wrap is entitled to judgment as a matter of law striking Defendant's affirmative defense of invalidity and holding that the claims of the Asserted Patents are not invalid. *See, e.g., National Presto*, 76 F.3d at 1189 (affirming summary judgment that patent-in-suit was not invalid); *Transmatic, Inc. v. Gulton Indus.*, 53 F.3d 1270, 1275 (Fed. Cir. 1995) (affirming grant of summary judgment in favor of patentee on the issue of validity).

### VI. Summary Judgment on Grabba's Generally Pled Affirmative Defenses Under 35 USC §§101-103, 112. 116, 118, and 132.

In paragraph 3 of its Answer, Grabba asserted the following "3. Some or all of the patents cited by Plaintiff are invalid, for failure to comply with the patent laws of the United States, namely, 35 USC §§101-103, 112. 116, 118, and 132."

Blunt Wrap served the following Interrogatory on Grabba:

13

> *Interrogatory No.6:*
>
> Identify all documents and state the factual basis with specificity the contention by Grabba Leaf that "Some or all of the patents cited by Plaintiff are invalid, for failure to comply with the patent laws of the United States, namely, 35 USC § §101-103, 112. 116, 118, and 132."

See excerpts of Blunt Wrap's *Interrogatories to Defendant Grabba Leaf, LLC*, attached hereto as Exhibit "5."

Grabba answered Interrogatory No. 6, as follows:

*6. All responsive documents are or shall be produced in response to Plaintiff's First Request for Production.*

See excerpts of Grabba's *Responses to Interrogatories*, attached hereto as Exhibit "6."

35 U.S.C. §102 (anticipation) and §103 (obviousness) have been addressed in other sections of this supporting memorandum.

Similar to Grabba's affirmative defenses under 35 U.S. §102 and §103, Grabba has failed to produce any evidence that any of the patents are invalid under 35 USC §101, §112, §116, §118, and/or §132, and both fact discovery and expert discovery deadlines have passed. Accordingly, Grabba cannot show by clear and convincing evidence that any of the asserted claims of the Asserted Patents are invalid under 35 USC § 101, § 112, § 116, § 118, or §132 is warranted.

Therefore, summary judgment should be granted dismissing Grabba's affirmative defense that some or all of the Asserted Patents are invalid under 35 USC §101, §112, §116, §118, and/or §132.

**VI.  Blunt Wrap is Entitled to a Reasonable Royalty for Grabba's Infringement.**

As set forth above in Section IV, Grabba's accused product infringes one or more of the claims of the Patents-in-Suit. Therefore, pursuant to 35 U.S.C. 284, Blunt Wrap should be

awarded compensatory damages amounting to no less than a reasonable royalty to compensate it for Grabba's past infringement.

The instant suit was filed on September 28, 2016. Grabba first sold its accused product sometime between 2008 and 2009. *See Deposition of Michael Robinson*, p. 19, attached hereto as Exhibit "3." Pursuant to 28 U.S.C. 286, Blunt Wrap is limited to recovering damages for the six (6) years prior to the filing of the instant suit, or from September 28, 2010 through the present.

Pursuant to *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116 S.D.N.Y. 1 (1970); *aff'd*, 446 F.2d 225 (1971), fifteen (15) factors are considered to determine the type of monetary payments that would compensate for patent infringement. Not all factors are applicable in any given case. The last of these factors provides the statutory minimum amount of compensatory damages: the royalty amount that a licensor and a licensee would have agreed upon at the time the infringement began if they had reasonably and voluntarily tried to reach an agreement. Here, as set forth in Peter Gampel's declaration, this royalty would be 2¢ per unit. *See Declaration of Peter Gampel*, Ex. A at p. 26, attached hereto as Exhibit "4." Grabba has not produced any evidence rebutting Mr. Gampel's opinions. Therefore, Grabba cannot dispute that a royalty of 2¢ per unit is the statutory minimum rate for compensatory damages, and summary judgment is warranted.

## CONCLUSION

For all the foregoing reasons, plaintiff Blunt Wrap U.S.A., Inc. respectfully submits that summary judgment is warranted, because there is no genuine dispute of material fact, and that defendant Grabba Leaf, LLC's accused product infringes one or more of the claims of the Patents-in-Suit, and a reasonable royalty is 2¢ per unit for sales from September 28, 2010 through the present. In the alternative, Blunt Wrap submits that partial summary judgment be

entered holding that Grabba's accused product infringes on one or more of the claims of the Patents-in-Suit and dismissing Grabba's affirmative defenses of invalidity, because Grabba cannot, as a matter of law, show by clear and convincing evidence that any of the asserted claims of the Asserted Patents are invalid.

>Respectfully submitted,
>
>*/s/ Michael S. Pasano*_____
>**MICHAEL S. PASANO, FL Bar # 0475947**
>**CARLTON FIELDS JORDEN BURT, P.A.**
>Miami Tower
>100 S.E. Second St., Ste. 4200
>Miami, Florida 33131-2113
>Telephone: (305) 530-0050
>Fax: (305) 530-0055
>mpasano@carltonfields.com
>
>**-and-**
>
>**RANDALL A. SMITH (LA Bar #2117)**
>**SMITH & FAWER, L.L.C.**
>201 St. Charles Avenue, Suite 3702
>New Orleans, LA 70170
>Telephone: (504) 525-2200
>Fax: (504) 525-2205
>rasmith@smithfawer.com
>
>**-and-**
>
>**BRETT A. NORTH (Louisiana Bar #22503)**
>**GARVEY, SMITH, NEHRBASS & NORTH, L.L.C.**
>Three Lakeway Center, Suite 3290
>3838 North Causeway Boulevard
>Metairie, Louisiana 70002
>Telephone: (504) 835-2000
>Fax: (504) 835-2070
>northbrett@gsnn.us
>
>*Attorneys for Plaintiff, BLUNT WRAP U.S.A., INC.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 24th day of August, 2017, I caused to be served via the Court's CM/ECF electronic filing system the foregoing pleading on all counsel of record.

             */s/ Michael S. Pasano*
             **MICHAEL S. PASANO, FL Bar #0475947**